PREGERSON, J.,
Dissenting.
I dissent. Although this is a close case, I believe that, on balance, the evidence weighs in favor of the claimant, Linda Viles. Viles is a sixty-one year-old woman whose life has been turned upside down by severe manic episodes caused by bipolar affective disorder.
The ALJ erred in not considering the medical reports of two treating physicians and one examining physician, all of whom found that Viles exhibited symptoms while on medication. We have previously held that “the opinion of a treating physician is generally entitled to the greatest weight.” Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir.2001). The Social Security Regulations provide that “[tjreatment [must] clearly [be] expected to restore capacity to engage in any [substantial gainful activity].” SSR 82-59(3), 1975-1982 Soc. Sec. Rep. Serv. 793, 1982 WL 31384 (S.S.A.). The three physicians’ medical reports constitute substantial evidence that Viles’s treatment — taking Lithium — does not fully restore her capacity to engage in a normal life, including work.
Further, record evidence suggests that when Viles either stopped taking her medication or overdosed, she did so because of *231 her disorder. ER 158-160. In addition, the ALJ’s Residual Functional Capacity-report did not account for all of Viles’s limitations. This error was not harmless because the ALJ based his finding that Viles was not disabled at least in part on the Residual Functional Capacity report. Finally, the ALJ erred in discrediting Viles’s testimony without offering any “clear and convincing” reasons for doing so. See Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir.1989). The ALJ based his reasoning on the general finding that Viles “does okay” while on medication, which the record evidence shows is not the case. For the above reasons, I cannot join the majority’s decision.